UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

Plaintiff,

v.

OUTLIER USA LLC and MICHAEL DEREK BENEDICT,

Defendants.

Case No. 26-12364
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [9]**

Mark Dobronski filed this lawsuit against Outlier USA LLC, a firearm company, and Michael Derek Benedict, its owner, under the Telephone Consumer Protection Act (TCPA) and the Michigan Telephone Companies as Common Carriers Act (MTCCC). (ECF No. 1, PageID.1–3.) When Defendants failed to appear, plead, or otherwise defend against this action, the Clerk's Office entered default against them. (ECF Nos. 7, 8.) Dobronski now moves for default judgment. (ECF No. 9.) Defendants have again failed to respond or otherwise appear or attempt to set aside the default entered against them. Thus, the well-pleaded allegations of the complaint are deemed admitted. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). Having reviewed the complaint, the unopposed motion for default judgment, the affidavit in support of that motion, and filings of record in this action, the Court finds as follows:

1. On July 13, 2026, Mark Dobronski filed a complaint in this Court against Outlier USA LLC and Michael Derek Benedict. (ECF No. 1.)

2. On July 22, 2026, Dobronski duly served Defendants with copies of the complaint and summons. (ECF Nos. 3, 4.)

3. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Counts I through VI arise under a federal law, the Telephone Consumer Protection Act, 47 U.S.C. § 227. (ECF No. 1, PageID.14–20.) The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Dobronski's Michigan claim in Count VII because that claim arises from the same three SMS communications that form the basis of his federal claims. (*Id.* at PageID.20.)

4. The Court has personal jurisdiction over Defendants under Michigan's long-arm statute, Mich. Comp. Laws §§ 600.701–775, and the Due Process Clause, *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *see also Lomax v. Marketplace Homes Lending, LLC*, No. 23-13018, 2024 U.S. Dist. LEXIS 18640, at *4 (E.D. Mich. Oct. 11, 2024) ("To determine whether personal jurisdiction is met in the case of a default judgment, the Court looks to whether the well-pled allegations in the complaint, taken as true, amount to a prima facie showing of personal jurisdiction."). The Court is satisfied that it has specific personal jurisdiction over Defendants because, as plead, Outlier "purposefully directed unlawful telemarketing calls into Michigan" and Benedict's "own authorization, direction, participation in, or ratification of the SMS campaign purposefully directed to [Dobronski's] Number and received in Michigan." (ECF No. 1, PageID.3.) *See Luna v. Shac, LLC*, No. 14-00607, 2014

WL 3421514, at *3 (N.D. Cal. July 14, 2014) ("The Court agrees with Luna that where Shac intentionally sent text messages directly to cell phones with California based area codes, which conduct allegedly violated the TCPA and gave rise to this action, Shac expressly aimed its conduct at California."). And it is clear that Dobronksi's claims stem directly from Defendants' SMS text messages. *See Ayers v. Receivables Performance Mgmt., L.L.C.,* No 15-12082, 2016 U.S. Dist. LEXIS 132875, at *3 (E.D. Mich. Sept. 28, 2016). Finally, Defendants have not appeared, so they have not shown "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 554 (6th Cir. 2007).

5. Defendants failed to timely answer the complaint, and the clerk entered default against them on September 2, 2026. (ECF Nos. 7, 8.)

6. The default concedes the truth of the allegations of the complaint as to Defendants' liability as to all counts brought against them. Fed. R. Civ. P. 8(b)(6); *see also Jones v. Pekoske*, No. 21-1061, 2021 WL 5782380 at *2–3 (6th Cir. Dec. 7, 2021). A formal evidentiary hearing is not required to determine the amount of damages for purposes of default judgment "if sufficient evidence is submitted to support the request for damages or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits." *Ayers*, 2016 U.S. Dist. LEXIS 132875, at *9; *see also Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). As set forth below,

such ascertainable damages have been adequately established in the motion for default judgment and Dobronski's affidavit filed in support of the motion.

7. Dobronski received three SMS messages that he alleges violated the TCPA and the MTCCC. (ECF No. 1; *see also* ECF No. 9-1.) His complaint plausibly alleges that he received these messages despite being subscribed to the Do Not Call Registry. (ECF No. 1, PageID.4.) He thus seeks statutory damages of $1,500 for each statutory violation in Counts I–VI and $1,000 for each statutory violation in Count VII, for a total award of $28,500 in statutory damages. (*Id.* at PageID.14–20.) The Court is satisfied that these allegations support a willful violation of the TCPA. *See Dobronski v. Real Innovation Inc.*, No. 23-11301, 2024 WL 6976250, at *5 (E.D. Mich. Mar. 18, 2024) ("All the Calls were made to Dobronski's residential phone, which is on the National Do Not Call Registry; that fact alone is sufficient to plead a claim that each Call was a willful violation of the TCPA.") (collecting cases). As for the MTCCC claim (Count IV), $1,000 is the amount the statute prescribes. Mich. Comp. Laws § 484.115(9).

Based on these findings, IT IS HEREBY ORDERED that:

A. Dobronski's motion for default judgment (ECF No. 9) is GRANTED.

B. Judgment is entered in favor of Dobronski and against Defendants, jointly and severally, in the amount of $28,500 as of entry of this order, with interest accruing thereon pursuant to 28 U.S.C. § 1961.

C. Dobronski is entitled to taxable costs as allowed by law.

D. This is a final order, the terms of which are effective immediately.

IT IS SO ORDERED.

Dated: November 2, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE